# UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ELLEN LUCILLE VERNON-WILLIAMS, | ) | Case Nos.: 04-37223-DOT |
| GERALD & VICKI DOELLING, | ) | 03-32020-DOT |
| JIMMY & DEBORAH PYLES, | ) | 03-32251-DOT |
| GERALDINE BESSIE MARKINS, | ) | 03-34259-DOT |
| MICHAEL LEE LIPSCOMB, JR., | ) | 03-35603-DOT |
| THOMAS D. CHILDREY, IV, | ) | 03-37186-DOT |
| A'BRAHAM BARAKHYAHU, | ) | 03-37623-DOT |
| CARROL & MELINDA WOOD, | ) | 03-37772-DOT |
| ZOE LAQUANDA JARRELL, | ) | 03-37773-DOT |
| MARY LOU ANN RANICKI, | ) | 03-38152-DOT |
| CELESTINE BERRYMAN, | ) | 03-39422-DOT |
| | ) | |
| *Debtors.* | ) | |
| | ) | Chapter 13 |

## MEMORANDUM OPINION
## CONCERNING RECONSIDERATION OF COSTS

This matter comes before the Court upon remand from the United States District Court for

the Eastern District of Virginia.  On November 28, 2006, the United States District Court issued a

Memorandum Opinion and Order in the above captioned matters which affirmed in part and reversed

in part this Court's Order Denying Supplemental Fees and Costs entered on April 27, 2006.

Hearings were held on April 30, 2007.  At the conclusion of the hearings, the Court took this matter

under advisement.  The Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §§

157(b)(2) and 1334(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Upon

consideration of the evidence and arguments presented by counsel at the hearings and the pleadings

submitted, the Court makes the following findings of fact and conclusions of law.

## I.  PROCEDURAL HISTORY

The procedural history and applicable facts of these cases were thoroughly discussed in this

Court's previous Memorandum Opinion. *See In re Vernon-Williams*, 343 B.R. 766, 770-81 (Bankr. E.D. Va. 2006), *aff'd in part, rev'd in part and remanded sub nom. The Boleman Law Firm, P.C. v. United States Trustee*, 355 B.R. 548 (E.D. Va. 2006).  Thus, the Court will not repeat them here and recites the applicable procedural history which has occurred since the issuance of the Court's previous Memorandum Opinion.[1]

On May 8, 2006, counsel for The Boleman Law Firm, P.C. (the "Boleman Firm") timely filed the firm's Notice of Appeal with the Court.  On May 18, 2006, the Boleman Firm filed its Statement of Issues Presented, which listed ten issues for the United States District Court to determine on appeal.  Those issues included whether this Court erred in holding "that funds received as reimbursement for costs were actually applied to fees" and in holding "that all requested costs must be denied despite relevant, trustworthy and persuasive evidence that costs were incurred in providing required services."  Statement of Issues Presented, filed by The Boleman Law Firm, P.C., May 18, 2006, Docket Entry 208, at 2.[2]  In its brief filed in the District Court, the Boleman Firm stated with regard to the cost issues:

> While Boleman initially appealed the Bankruptcy Court's rulings denying both fees and costs, this brief—and the appeal—are limited solely to the issue of the Bankruptcy Court's denial of supplemental attorneys' fees.  Boleman intends to submit additional cost information to the Bankruptcy Court, at least with respect to the remaining 122 cases. . . .

Excerpt of Brief of Appellant, The Boleman Law Firm, P.C., in Support of its Appeal from the

---

[1]  The procedural history since the issuance of the Court's previous Memorandum Opinion is also contained in the Court's Memorandum Opinion Concerning Supplemental Fees, issued concurrently.

[2]  Unless otherwise noted, all pleadings cited were filed in the case of Ellen Lucille Vernon-Williams, Case No. 04-37223-DOT, which was designated as the lead case by the Court for these proceedings.

2

United States Bankruptcy Court, filed May 2, 2007, Docket Entry 257.[3]

While the appeal was pending, this Court held a Status Hearing on June 23, 2006, with regard to the remaining cases associated with the United States Trustee's First and Second Omnibus Objections to Supplemental Fee Applications of the Boleman Law Firm. As a result of the status hearing, the Court determined that it was appropriate to continue the remaining related cases generally pending the ruling of the appellate court. The Court also directed the Chapter 13 Trustee to maintain and reserve funds in his trust account for attorney fees in the related cases and allowed the Chapter 13 Trustee to proceed with the dismissal, closing, or conversion of cases, as appropriate.

On November 28, 2006, Chief United States District Judge James R. Spencer issued a Memorandum Opinion and Order affirming in part, reversing in part, and remanding the cases for further proceedings consistent with the opinion. *The Boleman Law Firm, P.C. v. United States Trustee*, 355 B.R. 548 (E.D. Va. 2006). The District Court affirmed this Court's denial of the Boleman Firm's Motion to Quash and Overrule the Omnibus Objection, finding that the Court was significantly aided by the United States Trustee in exercising its duty to review the reasonableness of compensation. *Id.* at 551-52. With regard to the Boleman Firm's contention that the Bankruptcy Court committed error by disallowing expert testimony by Bruce Matson, Esquire, the District Court found that this Court did not abuse its discretion in disallowing such testimony when it reasoned that because Mr. Matson served not as a Chapter 13 Trustee, but instead as a Chapter 7 Trustee, Mr.

---

[3] At the conclusion of the hearings held on April 30, 2007, the Court directed counsel for the Boleman Firm to file as an exhibit in the instant case the portion of the firm's Appellant Brief filed with the United States District Court which stated that the firm was not going to proceed on its appeal of the issue of reimbursement of costs, so as to aid the Court in its determination of whether the Court could reconsider the issue of reimbursement of costs allegedly incurred in these cases.

Matson did not possess the requisite experience in Chapter 13 bankruptcy cases. *Id*. at 552. The District Court found that the Bankruptcy Court committed error in holding that traditional contemporaneous time records must be present for the Court to perform the lodestar analysis and reversed and remanded the matters to the Bankruptcy Court. *Id*. at 553. In so holding the District Court reasoned that while "actual time records are the preferred starting point in the lodestar analysis . . . [t]heir unavailability . . . does not preclude further analysis—especially when, as in this case, it is undisputed that the work for which compensation is sought was performed." *Id*. The Court further directed that "[s]uch inadequate documentation is clearly 'a proper basis for reducing a fee award.'" *Id*. (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006)). The District Court instructed that when a court is presented with inadequate time records, it must independently determine the reasonableness of the hours spent in the case by utilizing the twelve *Johnson* factors[4] and "'other considerations,'" and then reduce the

---

[4] In *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978), *cert. denied*, 439 U.S. 934 (1978), the Fourth Circuit held that courts must consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 U.S. 714 (5th Cir. 1974), when determining the reasonableness of the attorney fees requested. These twelve factors, commonly referred to as the "*Johnson* factors" or the "*Barber* factors," include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28. These factors were also discussed with regard to the lodestar analysis in this Court's previous opinion in these proceedings. *See In re Vernon-Williams*, 343

4

fee award by either reducing the hours that are not adequately documented or by reducing the award

by a fixed percentage.  *Id.* (citing *Guidry*, 442 F.Supp.2d at 294).

On January 10, 2007, counsel for the Boleman Firm filed a Motion to Rescind Order

Continuing Generally All Cases and for Order Allowing All Pending Supplemental Fee Applications

with a Ten Percent (10%) Downward Adjustment or, in the Alternative, to Set All Pending

Supplemental Fee Applications for Trial ("Motion to Rescind").  The Boleman Firm requested that

the Court's previous order continuing generally the remaining cases associated with the United

States Trustee's First and Second Omnibus Objections to Supplemental Fee Applications of the

Boleman Law Firm be rescinded and that the firm's request for supplemental fees in those cases be

approved, less a ten percent reduction to account for the firm's failure to "maintain traditional time

records for these cases" so as to be consistent with the ruling by the United States District Court and

to "provide[] a mechanism by which the voluminous pending Supplemental Fee Applications can

be resolved without undue burden on the Court and other affected parties . . . ."  Motion to Rescind,

filed Jan. 10, 2007, Docket Entry 230, at 3-4.

The United States Trustee filed a response to the Motion to Rescind on February 12, 2007.

The United States Trustee opposed the suggestion to approve the fee applications subject to a ten

percent reduction, arguing that the request "completely ignores the extensive legal process that has

taken place so far and glosses over serious deficiencies and irregularities in the Boleman system of

keeping time records . . . ."  Response by United States Trustee to Motion to Rescind, filed February

12, 2007, Docket Entry 233, at 1-2.

On March 13, 2007, this Court conducted a Status Hearing with regard to the Motion to

---

B.R. 766, 786 (Bankr. E.D. Va. 2006).

Rescind and the Court's previous order continuing generally the remaining cases associated with the United States Trustee's First and Second Omnibus Objections.  Upon consideration of the representations made by counsel for both the Boleman Firm and the United States Trustee of their desire to set all of the pending Supplemental Fee Applications for hearings, the Court set the remanded cases as well as all pending Supplemental Fee Applications for evidentiary hearings for April 30, 2007, thereby granting in part the Boleman Firm's Motion to Rescind.  By request of the parties, this Court held a telephonic hearing on April 5, 2007, during which the parties moved to restrict the hearings scheduled for April 30, 2007, to those cases which were the subject of the remand of the District Court and to continue generally the remaining cases associated with the United States Trustee's First and Second Omnibus Objections.  The Court granted the parties' request.

On April 20, 2007, the Boleman Firm filed its lists of exhibits, numbered 1R through 19R,[5] and witnesses with the Court.  On April 22, 2007, the United States Trustee filed a Statement Concerning Exhibits and Witnesses, stating that he had no exhibits or witnesses to identify pursuant to Federal Rule of Civil Procedure 26(a)(3) and Federal Rule of Bankruptcy Procedure Rule 7026(a)(3).  The United States Trustee objected to the nineteen exhibits proposed by the Boleman Firm on April 23, 2007, in which he argued that eleven of the exhibits addressed the issue of reimbursement of costs, which issue was not reversed by Chief Judge Spencer, and thus were irrelevant and outside the scope of the Court's inquiry on remand.  Thus, "[t]he Bankruptcy Court's denial of the requested costs still stands as the law of this case . . . ."  Objection of the United States

---

[5]  The exhibits offered by the Boleman Firm were so designated with the letter "R" to differentiate the exhibits offered at the April 30, 2007, hearings from those offered at the hearings held on March 7-8, 2006.  *See* Transcript of April 30, 2007, hearings, at 29.

Trustee to the Admission into Evidence of Exhibits 1-19, filed April 23, 2007, Docket Entry 252, at 1. He also argued that those exhibits were inadmissible because they were not in existence at the time of the initial trial in 2006. The United States Trustee objected to the remaining eight exhibits as also being irrelevant because the time and tasks described therein occurred subsequent to the submission of the Supplemental Fee Applications in question and had no bearing on the fee applications currently before the Court. *Id*. at 1-2. The Boleman Firm filed a Trial Memorandum on Remand on April 27, 2007.

Hearings were held and concluded on April 30, 2007. The Court denied the Boleman Firm's request to approve the Supplemental Fee Applications subject to the suggested ten percent reduction. The Court provisionally admitted the Boleman Firm's Exhibits 1R through 19R. The Court also admitted the Boleman Firm's Exhibits 20R through 30R which were offered during the hearing. At the conclusion of the hearings, the Court directed the parties to submit concurrent briefs within thirty days regarding: (1) whether the Court should be permitted to accept the additional evidence offered by the Boleman Firm so as to supplement the evidence before the Court; and (2) whether the Court has jurisdiction to revisit its previous denial of costs in the eleven remanded cases, as sought by the Boleman Firm. The Court also directed that the parties submit their closing arguments in concurrent briefs within the thirty-day period following the hearing. The Court ordered that concurrent reply briefs were due within fifteen days after the filing of the initial concurrent briefs. Finally, the Court directed counsel for the Boleman Firm to file as an exhibit with the Court the relevant portion of the firm's appellate brief filed with the District Court, so as to aid the Court in its determination of whether the Court could reconsider at this stage of the proceedings the issue of reimbursement of costs allegedly incurred in these cases.

Prior to the submission of briefs, the parties submitted to the Court a stipulation and consent order with regard to the taking of new evidence on remand. In that stipulation, the United States Trustee agreed to withdraw its objection to the admission of the Boleman Firm's Exhibits 1R through 19R which the Court provisionally admitted at the April 30, 2007, hearings. The parties further agreed that the Court should consider all of the evidence submitted to the Court at the hearings. The Court accepted the stipulation and entered the consent order on May 29, 2007, which admitted all evidence previously provisionally admitted by the Court and removed the requirement for the parties to submit post-hearing briefs on the issue of whether the Court should be permitted to accept the additional evidence offered by the Boleman Firm. The excerpt of the Boleman Firm's appellate brief as well as the parties' briefs were timely received by the Court.

This opinion will address the issue of whether the Court should revisit its previous ruling denying the reimbursement of costs sought in each of the eleven cases. The Court has concurrently issued a separate Memorandum Opinion Concerning Supplemental Fees.

## II. ARGUMENTS

At the hearings held on April 30, 2007, counsel for the Boleman Firm first pointed the Court to the Amended Scheduling Order entered on April 16, 2007, which memorialized the Court's acceptance of the parties' agreement, as expressed to the Court during the April 5, 2007, telephonic hearing, that the hearings to be held on April 30, 2007, would be restricted to the eleven cases that comprised the matter remanded from the District Court. In particular, counsel cited the provision of the order permitting the presentation of additional evidence in the remanded cases and the lack of any qualifying language therein that the evidence would be reopened only as to fees, arguing that this language became the "law of the case" and should permit the Court to readdress the cost issue.

8

Transcript of April 30, 2007, hearings, at 7, 14 (hereinafter "Tr."); *see also* Tr. at 36. Along these

lines, the Boleman Firm acknowledged that Chief Judge Spencer made no reference whatsoever to

costs, either in the facts or in the holding of the case. *Id*. at 15.

Counsel for the Boleman Firm also reminded the Court of the response filed by the United

States Trustee to the Boleman Firm's Motion to Rescind, which makes reference to "'the unresolved

issue of excessive and undocumented billing of costs in all the cases awaiting Judge St. John's

decision on remand. There cannot be a fair resolution of these matters until the judicial process that

was set in motion in the trial in the Vernon-Williams case is allowed to come to its natural

conclusion.'" *Id*. at 8 (quoting Response by United States Trustee to Motion to Rescind, filed

February 12, 2007, Docket Entry 233, at 1-2). According to the Boleman Firm, the position of the

United States Trustee in that response directly contradicts their objection to the issue of costs being

revisited. *Id*. at 8-9. As a result, the firm argues that "legally they [the United States Trustee] are

precluded from making this objection such that if they for some reason did want to appeal that one

issue, they would not prevail. I think that they have put themselves in a position of agreeing to this."

*Id*. at 16.

Counsel pointed to the post-trial brief submitted by the Boleman Firm after the March 7-8,

2006, hearing, which he contended contained additional information regarding costs. *Id*. at 13. In

further referencing the Court's previous opinion, counsel for the Boleman Firm contended that the

reimbursement of costs was not denied with prejudice; thus, because the firm could bring another

subsequent motion seeking reimbursement of costs, the Court could "indulge" the firm so as to

review the firm's attempts to clarify its costs incurred. *Id*. at 9. Additionally, the firm argued that

were the Court not to address the cost issue in conjunction with the eleven remanded cases so as to

9

enable the parties to use these cases as a "template" for resolving the remaining pending cases, the parties will have to address the cost issue in a subsequent proceeding with regard to a portion of the remaining cases. *Id*. at 16, 28.

The United States Trustee argued at the hearing that the opinion issued by the District Court did not address costs but rather dealt only with attorney fees. Thus, because the cost matter was not reversed, the Court's earlier denial of reimbursement of costs serves as the law of the case. *Id*. at 5-6. Counsel for the United States Trustee also argued that the scheduling order did not provide for the admission of evidence but merely the presentation of additional evidence, and thus, nothing in that order precluded any objection to the evidence the Boleman Firm sought to have admitted. *Id*. at 18.

In its post-hearing brief on the issue of costs, the Boleman Firm repeats the arguments it made at the April 30, 2007, hearing that the language contained in the United States Trustee's Response to the Motion to Rescind as well as the language contained in the Amended Scheduling Order entered by the Court on April 16, 2007, precluded any argument by the United States Trustee that the reconsideration of the issue of costs was not contemplated by the United States Trustee. Brief of the Boleman Law Firm, P.C. Regarding the Non-Binding Effect of the Court's Original Decision on Costs, filed May 30, 2007, Docket Entry 275, at 4 (hereinafter "Boleman Brief on Costs"). The firm also cites to the Court that the United States Trustee, subsequent to the hearing, withdrew his objection to the admission of the firm's Exhibits 1R through 19R and thus, since the exhibits are deemed admitted, the cost issue should be determined on remand. *Id*. at 5.

The Boleman Firm makes three additional arguments in support of its request for this Court to reconsider the previous denial of reimbursement of costs. First, the firm argues that this Court

is not bound by the District Court's decision on appeal, because the issue was not considered or

argued on appeal.  Thus, since the issue was not decided on appeal, the law of the case doctrine,

which could bind this Court with regard to the prior findings of fact and conclusions of law, does

not apply.  *Id*. (citing *JH ex rel. v. Henrico County Sch. Bd.*, 395 F.3d 185, 197 n.9 (4th Cir. 2005)).

Also, the firm argues that "'a trial court is not bound by its own earlier rulings unless they have been

either explicitly or implicitly adopted in the appellate court's decision.'" *Id*. (quoting *S & P, Inc. v.

Pfeifer*, 189 B.R. 173, 180 (N.D. Ind. 1995)).

Next, the firm contends that because the doctrine of the law of the case is discretionary, not

mandatory, this Court can alter or amend its prior ruling on costs.  Although the original

Memorandum Opinion in this case denied the reimbursement of costs, and while generally a court's

decision should govern throughout subsequent stages of a case, the discretionary aspect of this

doctrine allows this Court to revisit its prior ruling.  *Id*. at 6 (citing *EquiMED, Inc. v. Mobile

Diagnostech, Inc.* (*In re EquiMED, Inc.*), 253 B.R. 391, 396 (D. Md. 2000); *Atlas Mach. & Iron

Works, Inc. v. Bethlehem Steel Corp.* (*In re Atlas Mach. & Iron Works, Inc.*), 239 B.R. 322, 327

(Bankr. E.D. Va. 1998)).

Finally, the Boleman Firm argues that this Court should invoke its power under Section 105

of the Bankruptcy Code and, in the interest of judicial economy and equity, reconsider the issue of

costs.  *Id*. (citing *Young v. United States*, 535 U.S. 43, 50 (2002)).  The firm cites the Court to its

opinion in *Thompson v. New Mexico Student Loan Guarantee Corp.* (*In re Thompson*), 329 B.R. 145

(Bankr. E.D. Va. 2005), asserting that although the issue of reimbursement of costs is not a newly

raised issue, as was the issue which caused this Court to *sua sponte* raise whether evidence could

be reopened to address the newly raised issue in the *Thompson* case, the same reasoning applies in

11

the instant matter.  The firm cites seven reasons as to why "justice and fairness demand that the new evidence on costs be considered."  Boleman Brief on Costs, at 7.  First, the original decision denying costs was without prejudice.  Second, the United States Trustee stated in pre-hearing filings that the cost issue remained to be resolved.  Next, the status orders entered by the Court prior to the April 30, 2007, hearings stated that the evidentiary record would be reopened.  *Id*.  "[B]oth parties understood the issue of costs would be part of the issues on remand. . . ."  *Id*. at 2; *see also id*. at 7.  Next, "the Boleman Firm spent considerable time and expense preparing that issue for the April 30, 2007, hearings."  *Id*. at 2; *see also id.* at 7-8.  Additionally, the firm reminds the Court of the several hundred other cases, including cases pending before Chief Judge Tice, in which Supplemental Fee Applications are currently pending and awaiting this Court's decision in this matter and in which costs are also requested for reimbursement.  Were the Court not to decide the cost issue, the firm would need to "fully try another group of fee and cost applications."  *Id*. at 8.  Finally, the eleven cases that are the subject of the remand have been litigated in excess of two years.  *Id*.

In his post-hearing brief regarding whether the Court may revisit the cost issue, the United States Trustee argues that permitting re-trial of the issue of costs would be error on the part of the Bankruptcy Court.  Brief of the United States Trustee Addressing Evidentiary Objection Regarding Costs, filed by W. Clarkson McDow, Jr., United States Trustee for Region Four, filed May 30, 2007, Docket Entry 288, at 3 ("UST Brief on Costs").  To begin, the United States Trustee informs this Court that the Boleman Firm did not address the issue of costs during its appellate oral argument before the United States District Court.  *Id*. at 2.  He also points the Court to the paragraph in the District Court's opinion regarding the issues to which the Boleman Firm assigns error:

> The Boleman firm assigns error to the Bankruptcy Court's: (1) denial of its Motion
> to Quash/Overrule Omnibus Objection; (ii) disallowance of Bruce Matson, Esq.'s

proffered expert testimony; (iii) holding that traditional contemporaneous time records must be present before the Court can begin the lodestar analysis; and (iv) denial of its supplemental fee applications.

*Id*. at 2 (quoting *The Boleman Law Firm, P.C. v. United States Trustee*, 355 B.R. 548, 551 (E.D. Va. 2006)).

According to the United States Trustee, "[o]nly exceptional circumstances permit a trial court, on remand, to permit retrial of an issue which the appellant abandoned on appeal and which the appellate court impliedly affirmed." *Id*. at 3-4. He argues that this Court may not revisit this issue because the mandate rule and the law of the case doctrine prevents the Boleman Firm from pursuing an issue that it raised and then later abandoned on appeal. *Id*. at 3, 6. While noting that the law of the case doctrine is a discretionary rule, the United States Trustee contends that the doctrine is designed to promote judicial efficiency and consistency within a single case. *Id*. at 3-4 (citing *Arizona v. California*, 460 U.S. 605, 618 (1983); *United States v. Connell*, 6 F.3d 27, 30 (1st Cir. 1993); *Fox v. Mazda Corp. of America*, 868 F.2d 1190, 1194 (10th Cir. 1989)). Citing a number of cases, the United States Trustee argues that because the Boleman Firm abandoned the issue of reimbursement of costs on appeal, it is deemed waived; thus, the denial of costs by the Bankruptcy Court becomes the law for future stages of this litigation. *Id*. at 5 (citing, in part, *Byrum v. Bear Inv. Co.*, 972 F.2d 338, 338 (4th Cir. 1992); *Williamsburg Wax Museum v. Historic Figures, Inc.*, 810 F.2d 243 (D.C. Cir. 1987)).

Likewise, the United States Trustee argues, the mandate rule also forecloses from reconsideration the issue of costs because the issue was waived, or foregone, on appeal. *Id*. at 5-6 (citing *United States v. Bell*, 5 F.3d 64, 67 (4th Cir. 1993)). The United States Trustee points specifically to the application of the mandate rule with regard to a remand by the Court of Appeals

13

for the Third Circuit, which states that on remand "'the trial court must proceed in accordance with the mandate and the law of the case as established on appeal'" and that "'[t]he mandate and the opinion must be considered together in their entirety with particular reference to the issues considered.'" *Id*. at 5 (quoting *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949-51 (3rd Cir. 1985)); *see also id.* at 6 (citing *S. Atl. Ltd. P'ship of Tennessee, LP v. Riese*, 356 F.3d 576, 584 (4th Cir. 2004) ("Under the mandate rule, a district court cannot reconsider issues the parties failed to raise on appeal; the court must attempt to implement the spirit of the mandate; and the court may not alter rulings impliedly made by the appellate court."); *United States v. Ben Zvi*, 242 F.3d 89 (2d Cir. 2001); *United States v. Stanley*, 54 F.3d 103, 107 (2d Cir. 1995)). Because the Boleman Firm raised then abandoned the issue of costs on appeal, the United States Trustee argues that this issue is now subject to the mandate rule. *Id*. at 7.

The United States Trustee acknowledges exceptions to the law of the case doctrine and the mandate rule as enumerated in *United States v. Bell*, 5 F.3d 64 (4th Cir. 1993), noting that the Boleman Firm has not satisfied any of the situations designated for resurrecting an issue on remand. UST Brief on Costs, at 7. Specifically the United States Trustee argues that the Fourth Circuit relies upon three exceptions when analyzing both the law of the case doctrine and the mandate rule: (1) a showing that controlling legal authority has changed dramatically; (2) that significant new evidence, not earlier obtainable in the exercise of due diligence, has come to light; or (3) that a blatant error in the prior decision will, if uncorrected, result in a serious injustice. *Id.* (quoting *Bell*, 5 F.3d at 67). The United States Trustee goes on to argue that because the Boleman Firm does not satisfy any of these three exceptions, the Court is precluded from reconsidering the issue of costs. *Id*. at 7-8. Specifically, he cites to the "new evidence" exception, asserting that this exception

14

should not permit a party "to turn a remand into an opportunity to generate evidence it chose not to use in the prior hearing." *Id.* at 8 (citing *United States v. Monsisvais*, 946 F.2d 114 (10th Cir. 1991)). In conclusion, the United States Trustee argues that the "proper and just application of the rule of the case doctrine requires the Court to deny admission of the Boleman Firm's new exhibits offered on the issue of costs." *Id.*

In its reply brief, the Boleman Firm argues that the United States Trustee, while acknowledging the discretionary nature of the doctrine of the law of the case, ignores both practical considerations and facts that would in this instance permit the Court to examine the additional evidence and amend its previous ruling on the cost issue. Reply of the Boleman Law Firm, P.C. to the Brief of the United States Trustee Regarding Costs, filed July 14, 2007, Docket Entry 290, at 1-2 (hereinafter "Boleman Reply Brief on Costs").

In his reply brief, the United States Trustee argues that the Boleman Firm did not offer any evidence at trial regarding the actual costs of making a photocopy or sending a fax; the actual PACER[6] charges in each case; or the actual cost of obtaining credit reports for debtors. Response to Closing Arguments of the Boleman Firm and to Brief on Law of the Case by the United States Trustee, filed June 14, 2007, Docket Entry 292, at 4.[7]

### III.  CONCLUSIONS OF LAW

In its previous Memorandum Opinion of April 27, 2006, this Court found that it could not

---

[6]  The acronym "PACER" stands for "Public Access to Court Electronic Records," which allows the public to electronically access case and docket information for Bankruptcy Court, District Court, and Federal Appellate Court cases.

[7]  The United States Trustee filed one combined brief in response to the briefs submitted on the issues of costs and closing arguments filed by counsel for the Boleman Firm.

determine whether initial monies paid by the debtors in each case[8] to the Boleman Firm were applied to fees, costs, or both.  Further, the Court was unable to reconcile testimony by the witnesses for the Boleman Firm with the amounts submitted within the cost portion of the Supplemental Fee Applications.  The Court also found problematic the method of calculating the amount of and the assignment of pre-determined amounts for certain costs.  *See In re Vernon-Williams*, 343 B.R. 766, 799-809 (Bankr. E.D. Va. 2006).  Thus, the Court denied the Boleman Firm's request for reimbursement of costs.

The law of the case doctrine is commonly understood to mean that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case."  *Arizona v. California*, 460 U.S. 605, 618 (1983).  The doctrine is based upon the public policy that disputes should be resolved without the continued re-argument of issues that have already been decided.  *United States v. Monsisvais*, 946 F.2d 114, 116 (10th Cir. 1991).  The doctrine embodies what is often colloquially referred to as the "raise or waive" standard: a legal decision that is made at one stage of litigation which remains unchallenged on appeal despite the opportunity to do so becomes the law of the case, and "the aggrieved party is deemed to have forfeited any right to challenge that particular decision at a subsequent date."  *United States v. Connell*, 6 F.3d 27, 30-31 (1st Cir. 1993); *see also Byrum v. Bear Inv. Co.*, 972 F.2d 338 (4th Cir. 1992) (unpublished table decision) (holding that the failure to appeal the dismissal of four counts of complaint led to the dismissal of those counts becoming law of the case); *Williamsburg Wax Museum v. Historic Figures, Inc.*, 810 F.2d 243, 250 (D.C. Cir. 1987) (finding that a party's failure

---

[8] As this Court previously noted, "the Doelling case appears distinguishable from the other ten cases, as the debtors in that case did not pay any pre-petition monies for costs . . . ."  *In re Vernon-Williams*, 343 B.R. at 801.

to attack the trial court's decision on a counterclaim ordering that party to pay past due rents became

the law of the case when the party did not raise or challenge the decision on appeal, "when it had

the opportunity to do so and when it did attach other portions of the damages award"); *Odetics, Inc.*

*v. Storage Tech. Corp.*, 14 F. Supp. 2d 800, 805 (E.D. Va. 1998) (holding that the court's earlier

finding of laches should not be vacated in light of a later jury verdict on the grounds that the time

for appealing the laches ruling had passed, and thus the ruling had become the law of the case).  "[I]t

would be absurd that a party who has chosen not to argue a point on a first appeal should stand better

as regards the law of the case than one who had argued and lost."  *United States v. Ben Zvi*, 242 F.3d

89, 96 (2d Cir. 2001) (quoting *County of Suffolk v. Stone & Webster Eng'g Corp.*, 106 F.3d 1112,

1117 (2d Cir. 1997)).

　　While the law of the case "directs a court's discretion, it does not limit the tribunal's power."

*Arizona*, 460 U.S. at 618. (citing *S. Ry. Co. v. Clift*, 260 U.S. 316, 319 (1922); *Messenger v.

Anderson*, 225 U.S. 436, 444 (1912)).  While the doctrines of both the law of the case and res

judicata speak to the conclusivity of the decisions by a court, the law of the case is distinguishable

from the doctrine of res judicata in that the latter is not discretionary but rather, "supersedes

[discretion] and compels judgment."  *S. Ry. Co.*, 260 U.S. at 319.

　　A court may depart from the law of the case only under limited circumstances.  A majority

of the Circuits, including the Fourth Circuit, hold that a court must follow the law of the case unless

either: (1) substantially different, new evidence has been introduced in a subsequent trial that was

not available at the original hearing; (2) controlling authority has since made a contrary decision of

the law applicable; or (3) the court finds that the prior holding is "clearly erroneous and would work

a manifest injustice."  *White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1967); *see also Cone v. Bell*,

17

492 F.3d 743, 750 (6th Cir. 2007); *Loa-Herrera v. Dep't of Homeland Sec.*, Case No. 06-40561,

2007 WL 1624804, at *3 (5th Cir. June 5, 2007) (slip copy); *United States v. Amedeo*, 487 F.3d 823,

830 (11th Cir. 2007) (citing *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996)); *United*

*States v. Vigneau*, 337 F.3d 62, 68 (1st Cir. 2003); *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir.

2000); *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999); *United States v. Webb*, 98 F.3d

585, 587 (10th Cir. 1996); *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988).  These

exceptions are generally read narrowly, and courts will apply the law of the case "unless one of the

exceptions 'specifically and unquestionably applies.'" *United States v. White*, 846 F.2d 678, 685

(11th Cir. 1988) (quoting *Leggett v. Badger*, 798 F.2d 1387, 1389 n.2 (11th Cir. 1986)); *see also*

*Connell*, 6 F.3d at 31 ("[T]he exceptions are narrowly configured and seldom invoked. . . .").

"The mandate rule is merely a specific application of the law of the case doctrine. . ."

*Aramony*, 166 F.3d at 662 (citing *United States v. Bell*, 5 F.3d 64, 66-67 (4th Cir. 1993)).  The

mandate rule is not discretionary; rather, the rule "'embodies the proposition that a trial court is not

free to deviate from the appellate court's mandate.'" *S & P, Inc. v. Pfeifer*, 189 B.R. 173, 180 (N.D.

Ind. 1995) (quoting *Barber v. Int'l Bhd. of Boilermakers*, 841 F.2d 1067, 1070 (11th Cir. 1988)).

"In our circuit, the mandate rule forecloses litigation on remand of issues decided by the district

court but foregone on appeal or otherwise waived."  *Aramony*, 166 F.3d at 662 (citing *Bell*, 5 F.3d

at 66); *see also S. Atl. Ltd. P'ship of Tennessee, LP v. Riese*, 356 F.3d 576, 584 (4th Cir. 2004) ("The

mandate rule does not simply preclude a district court from doing what an appellate court has

expressly forbidden it from doing.  Under the mandate rule, a district court cannot reconsider issues

the parties failed to raise on appeal . . . .").  Thus, under the mandate rule, the court may not revisit

18

previously decided issues in the absence of the exceptional circumstances set forth above.[9]
*Aramony*, 166 F.3d at 662; *Bell*, 5 F.3d at 66; *United States v. Bell*, 988 F.2d 247, 251 (1st Cir. 1993).

Further, the rule also stands for the proposition that "the mandate of an appellate court on remand constitutes the law of the case only on those issues of law that were actually considered and decided by the appellate court, or necessarily to be inferred from the appellate court's disposition of the case on appeal." *S & P, Inc.*, 189 B.R. at 180 (citing *Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979)); *see also Aramony*, 166 F.3d at 662 n.8. It is often necessary to examine the language of the appellate court's ruling to determine the scope of that court's mandate. *S&P, Inc.*, 189 B.R. at 180. If the appellate court has not explicitly or implicitly decided an issue, "'[a] judge may reexamine his earlier ruling . . . if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefitted from it.'" *Id.* (quoting *Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995) (in turn quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).

This Court finds that, much like in the appellants in the cases of *South Atlantic Limited Partnership of Tennessee, LP v. Riese*, 356 F.3d 576 (4th Cir. 2004), and *Odetics, Inc. v. Storage Technology Corp.*, 14 F. Supp. 2d 800 (E.D. Va. 1998), the Boleman Firm lost its opportunity to relitigate the denial of reimbursement of costs by failing to follow through on its appeal of the issue at the District Court level. The Boleman Firm's withdrawal of the appeal of this Court's decision

---

[9] While not applicable in the instant matter, the Court notes that the Fourth Circuit has found that, when an appellate court permits reconsideration of criminal sentencing issues on remand, a district court may consider on remand additional evidence that the court could have considered at the original hearing. *See Bell*, 5 F.3d at 67 and n.3.

regarding costs, whether for tactical purposes or otherwise, nonetheless decisively removes this point from the Court's purview, and the firm provides no adequate basis to revisit that issue. Thus, the matter cannot be reconsidered here under the mandate rule as applied in this Circuit. Even if the Court were to find that the mandate rule does not preclude revisiting the issue, the Court would find that its previous findings have become the law of the case and should stand in the absence of a showing that any of the exceptions to the law of the case doctrine are triggered. *See Odetics*, 14 F. Supp. 2d. at 805.

The Court also finds that the firm has failed to show that any the exceptions to the law of the case doctrine or mandate rule is triggered here. The "new evidence" exception contemplates that the "substantially different, new evidence" presented at a subsequent hearing would be evidence that was not in possession of the party at the time of the original hearing in the proceeding. *See Aramony*, 166 F.3d at 661; *Sejman*, 845 F.2d at 69. The Boleman Firm has not shown that the evidence that it would propose the Court to now consider was unavailable to it during the hearings held on March 7-8, 2006. Instead, during the hearings held on April 30, 2007, counsel for the Boleman Firm explained regarding the proposed additional evidence related to costs:

> [W]hat you will see is that we have attempted to clarify the costs as your opinion from the first trials indicated was needed, necessary. So we have come with some new information. The complaint that this information was created after the fact, Your Honor the facts relate to pre-application and pre-trial, but they are simply being recalculated for clarity. There is some information regarding new costs. We are not asking for those new costs today, but because costs have been incurred, there was some concern at the first trial whether or not costs had exceeded the amount that the debtors and the Trustee had paid to the Boleman Firm for costs. We thought that that issue needed to be clarified as well.

Tr. at 9. At a later point in his opening comments, counsel for the Boleman Firm again stated that:

> [T]he cost information did exist. We simply recounted the cost as those costs had been incurred as of the fee application. It's just another way to cast the information

20

so it is more clear to all the parties in the court what it is we are asking for in terms
of copies, the number of copies, whatever the pacer charges, whatever they might be.
And we have attempted to unblend, if you will, that discount that was confusing in
terms of how much of the fee was discounted versus how much of the cost in terms
of your inability to, and I understand it, to get to the cost issue, because of that
blending.

Tr. at 37-38. These statements by counsel appear to clearly indicate that such evidence, particularly

with regard to any recalculation of the costs sought as part of the Supplemental Fee Applications,

was in existence at the time of the previous trial or could have been calculated prior to the hearings

held in 2006. Any contention that reference to costs incurred after the filing of the Supplemental

Fee Applications may help clarify those requested in the Application must also be rejected. As the

Court's records reveal, the eleven Supplemental Fee Applications were filed with the Court many

months prior to the hearing held in March, 2006;[10] thus, it seems likely that during the interim period

between the filing of the applications and the hearing that additional costs were incurred. Such

information could have been presented to the Court on March 7 and 8, 2006, but the Boleman Firm

chose not to offer it as part of the evidence presented. To be sure, any information regarding costs

incurred after March 2006 certainly was not in the possession of the firm prior to that date.

Nonetheless, the evidence proposed by the Boleman Firm does not rise to the level required under

the "new evidence" exception to the law of the case doctrine.

The Boleman Firm contends that the submission of additional evidence to the Court

following the remand of the case by the District Court is akin to the evidence it submitted in its post-

---

[10] As discussed in this Court's previous opinion, the Supplemental Fee Application was
filed in the Vernon-Williams on April 18, 2005. Additional Supplemental Fee Applications
which are the subject of the First Omnibus Objection filed by the United States Trustee,
including those filed in the cases that are the subject of the remand at issue, were filed between
March 2005 and June 2005. *See In re Vernon-Williams*, 343 B.R. 766, 770-71 (Bankr. E.D. Va.
2006).

21

trial brief after the first trial regarding the reimbursement of costs. This argument must be rejected by the Court. As the parties are well aware, procedurally, this matter was at a different stage than the current posture of the case. No ruling had been issued by this Court and certainly not by any appellate body and thus the submission of additional information, at the direction of the Court at the conclusion of the hearings held in this matter in March 2006 in the post-hearing briefs does not equate to the result desired here by the Boleman Firm nor does such argument meet the standard required under the "new evidence" exception to the law of the case doctrine.

The Eleventh Circuit faced a similar circumstance in *Baumer v. United States*, 685 F.2d 1318 (11th Cir. 1982). There, taxpayers sued to recover the payment of a taxable constructive dividend resulting from the exercise of an option to purchase an interest in real property. *Id.* at 1319-20. The District Court determined that the taxpayers owed the taxes as found by the Internal Revenue Commissioner, and the taxpayers appealed. That determination was affirmed but on different grounds; thus, the matter was remanded to the District Court with instructions to determine the value of the properties as of the date of exercise of the option. On remand, the District Court permitted the taxpayers to introduce expert testimony as to the value of the option, and based upon that evidence, the District Court reached a conclusion opposite that reached at the conclusion of the first trial. *Id.* at 1320. The Eleventh Circuit found on subsequent appeal by the government that the District Court's only function on remand was to resolve the narrow factual issue of the value of the properties as of a specific date. The "new evidence" exception of the law of the case doctrine was not triggered. "The [litigants] simply chose not to produce that evidence [at the first trial]. They chose their trial strategy, litigated accordingly, and lost. They are not now entitled to resurrect a previously abandoned issue." *Id.* at 1321.

The reasoning utilized by the Eleventh Circuit in *Baumer* is echoed in a recent opinion in this Circuit.  The Fourth Circuit held that when a fee applicant is seeking compensation, the burden is on the applicant to submit, in the beginning, the detailed documentation necessary to support that application.  "Requesting another round of fee submissions . . . would effectively encourage rather than curtail satellite litigation over fees." *Morris v. Wachovia Sec. Inc.*, 448 F.3d 268, 284 (4th Cir. 2006) (citing *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995)) (discussing the requirement that a fee claimant present proper documentation to substantiate his fee request at the outset and denying the claimant another opportunity to submit such documentation); *see also Burns v. Anderson*, Case No. 1:02CV1326 JCC, 2006 WL 2456372, at *6 n.15 (E.D. Va. Aug. 22, 2006) (slip copy) (discussing the inappropriateness of allowing a fee applicant a second opportunity to submit more detailed documentation).

The Boleman Firm appears to at least tangentially argue that a "manifest injustice" would result if the Court declined to revisit its prior holding by asserting that in the interest of judicial economy and to enable the parties to utilize these eleven cases as a "template" for a possible global resolution of all related outstanding matters, the Court should "indulge" the firm and revisit the ruling on costs in light of the additional evidence submitted at the April 30, 2007, hearings.  These assertions fail to rise to the level of "manifest injustice."  This Court denied the reimbursement of costs only with regard to the eleven cases at issue.  Nothing in the Court's ruling precludes the Boleman Firm from continuing its pursuit for reimbursement of costs incurred in any of the other cases pending before the Court.  Further, nothing contended by the Boleman Firm convinces this Court that its previous decision regarding costs was "clearly erroneous," which is also a requirement of this exception. *White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1967) (explaining that the third

23

exceptional circumstance with regard to the law of the case doctrine requires that the court find that

the prior holding is "clearly erroneous and would work a manifest injustice"); *see also United States*

*v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999); *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th

Cir. 1988).  Therefore, the Court finds that the Boleman Firm failed to show that this exception to

the law of the case doctrine is triggered in the instant matters.

　　　As to the final exception of the law of the case doctrine, no argument has been made that this

Court finds could be interpreted as an assertion that controlling authority has since made a contrary

decision of the law applicable in the instant matter.  To the extent that the Boleman Firm contends

that this Court should interpret the term "supplemental fee applications," as used by Chief Judge

Spencer in the conclusion of the District Court opinion, to refer to the fee application in its entirety

and to mean that a change in controlling authority has occurred, this Court finds nothing within that

opinion that allows this Court to reach that conclusion, especially since the appellate opinion made

no mention or reference whatsoever to the issue of reimbursement of costs.  To extrapolate such a

meaning or conclusion from the District Court's opinion would simply be erroneous, particularly

given the Court's finding that the issue of reimbursement of costs was abandoned by the Boleman

Firm on appeal.

　　　The Court finds the arguments made by the Boleman Firm with regard to the applicability

of the law of the case doctrine and the mandate rule to be inconsistent to a certain extent.  On one

hand, the firm argues that the law of the case doctrine does not apply in the instant matters because

the District Court did not rule on or even mention the reimbursement of costs in its opinion.

Simultaneously, the firm argues that the Court must consider the newly submitted evidence with

regard to the issue of costs in order to execute the mandate issued by the District Court given this

Court's previous conclusion regarding the intermingling of fees and costs by the firm.

The Court finds that this argument by the Boleman Firm must be rejected. While it is true that the District Court did not rule on the issue of costs, it is likewise true that this Court did rule on the issue of reimbursement of costs and denied such request. Thus, that denial must stand as the law of the case, absent a subsequent challenge on appeal, which did not occur here. Even though the same result of denial was reached by this Court as to both fees and costs, the bases for the denials are separate and distinguishable, and this Court cannot find any basis upon which to attribute the District Court's reasoning and decision regarding fees to the issue of reimbursement of costs. This Court's conclusion that fees and costs were blurred was made primarily in reference to the great difficulty in distinguishing the application of monies paid by the debtors pre-petition and in reconciling the Boleman Firm's representations that the pre-petition monies had been wholly applied to costs with the documentation submitted, which thus resulted in a denial of the fees. *See In re Vernon-Williams*, 343 B.R. 766, 799-809 (Bankr. E.D. Va. 2006). The denial of fees resulted from this Court's determination that contemporaneous time records were not presented, and thus the Court had no basis upon which to perform the lodestar analysis. *See id*. at 788-98.

The ruling on appeal by the District Court directed this Court to perform the lodestar analysis in the absence of contemporaneous time records. *Boleman Law Firm, P.C. v. United States Trustee*, 355 B.R. 548, 553 (E.D. Va. 2006). Further, there are myriad references throughout Chief Judge Spencer's opinion to attorney's fees; the number of hours devoted to the case; time records; the performance of the lodestar analysis; and like terms, all of which pertain and relate to the distinct issue of fees. Further, the concluding paragraph of the analysis section of the appellate opinion clearly states: "Accordingly, the Bankruptcy Court's holding that traditional contemporaneous time

records must be present before the Court can begin the lodestar analysis is hereby REVERSED. The case is REMANDED for reconsideration of the Boleman Firm's supplemental fee applications in light of this decision." *Id*. Thus, this Court concludes that the mandate of the District Court patently requires this Court to reexamine the fee award, without reference to costs, and that this Court should not review again the issue of costs since no basis has been established to do so.

This Court is unpersuaded by the Boleman Firm's argument that the three exceptions to the law of the case doctrine as announced in *United States v. Bell*, 5 F.3d 64 (4th Cir. 1993), should not be viewed as exhaustive, and that the special circumstances surrounding these cases exist to allow the Court to readdress the issue of costs. To begin, the case of *United States v. Webb*, 98 F.3d 585 (10th Cir. 1996), which is cited by the Boleman Firm, does not stand for the proposition for which it is cited. Instead, it stands for quite an opposite proposition. While in an earlier paragraph, the Tenth Circuit employs the word "including" in its listing of three special circumstances to the law of the case doctrine, this Court thinks that a subsequent statement more clearly sets forth the Tenth Circuit's position: "The district court could have deviated from the *Webb I* panel's directions *only if* one of the exceptional circumstances outlined above existed." *Id*. at 588 (emphasis added). The circumstances to which the Court refers are identical to those utilized not only in this Circuit but a majority of Circuits throughout the country, as discussed above. Further, this Court reads no indication within the language of opinions issued by the Fourth Circuit Court of Appeals that the exceptions to the law of the case doctrine and the mandate rule could or should be expanded beyond the three repeatedly iterated. Rather, the Fourth Circuit has repeatedly stated that the law of the case must be followed unless one of the three exceptional circumstances are present. *See, e.g.*, *United States v. Aramony*, 166 F.3d 655, 661 (1999); *Bell*, 5 F.3d at 67; *Sejman v. Warner-Lambert Co.*,

26

845 F.2d 66, 69 (4th Cir. 1988). Finally, despite the urging of the Boleman Firm, this Court sees no stripping of its discretion by the limitation to the three exceptional circumstances.

This Court has previously examined the discretionary nature of the law of the case doctrine. *See Atlas Mach. & Iron Works, Inc. v. Bethlehem Steel Corp.* (*In re Atlas Mach. & Iron Works, Inc.*), 239 B.R. 322, 327 (Bankr. E.D. Va. 1998). In that case, the Court recounted the conclusion of the Fourth Circuit Court of Appeals that the doctrine "'is not a matter of rigid legal rule, but more a matter of proper judicial administration which can vary with the circumstances. It may sometimes be proper for a district judge to treat earlier rulings as binding, sometimes not.'" *Id.* (quoting *Hill v. BASF Wyandotte Corp.*, 696 F.2d 287, n.3 (4th Cir. 1982)). The Boleman Firm urges that this Court has previously invoked its discretionary authority with regard to evidence and addressing newly raised issues. However, this Court's decision in *Thompson v. New Mexico Student Loan Guarantee Corp.* (*In re Thompson*), 329 B.R. 145 (Bankr. E.D. Va. 2005), is factually and procedurally distinguishable from the instant matter. In *Thompson*, the Court heard the testimony and argument during a lengthy trial involving a student loan creditor represented by counsel and an unsophisticated Pro Se debtor. Upon consideration, the Court determined that the issue of whether the guarantee corporation had a basis by which to enforce its right of collection of the student loan debt against the debtor, which was raised by counsel for the guarantee corporation during closing arguments, was not sufficiently presented and that the evidence should be reopened, and the parties should be afforded the opportunity to submit additional evidence on that specific issue. *Id.* at 152-53. The case was not appealed and then remanded to this Court for further consideration; rather, the Court had yet to reach any decision regarding either dischargeability of the student loan or the additional issue of the student loan creditor's right to enforce collection of the debt when it *sua*

27

*sponte* reopened the evidence. *Id*. at 153. Therefore, the Court finds that no parallel can be drawn between the *Thompson* case and the instant matters such that the Court should invoke its discretionary authority.

Section 105 of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision . . . shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a) (2007). The application of Section 105 must be exercised with caution. *See Finney v. Smith* (*In re Finney*), 992 F.2d 43, 44 (4th Cir. 1993); *Official Comm. of Equity Sec. Holders v. Mabey*, 832 F.2d 299, 302 (4th Cir. 1987), *cert. denied*, 485 U.S. 962 (1988). "Section 105 is not, of course, unlimited. It cannot be invoked, for example, to achieve ends contrary to other specific Code provisions." *Kestell v. Kestell* (*In re Kestell*), 99 F.3d 146, 148 (4th Cir. 1996). Further, as the Fourth Circuit has reminded:

> While the equitable powers emanating from § 105(a) are quite important in the general bankruptcy scheme, and while such powers may encourage courts to be innovative, and even original, these equitable powers are not a license for a court to disregard the clear language and meaning of the bankruptcy statutes and rules.

*Mabey*, 832 F.2d at 302. Thus, the Court must avoid "'redistribut[ing] rights in accordance with . . . personal views of justice and fairness, however enlightened those views may be.'" *Id*. (citing *In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 791 F.2d 524, 528 (7th Cir. 1986)).

While Section 105 certainly provides this Court with wide latitude to enable the Court to "carry out the provisions of this title," such section cannot be construed as a mechanism by which to allow the Court to turn a blind eye to the law of the case, the mandate issued by the District Court, and other procedural requirements that this Court is bound to follow. This Court finds that it would

28

exceed its authority if it were to utilize Section 105 to revisit the issue of reimbursement of costs at this stage of the proceedings. The fact that this Court previously denied the reimbursement of costs without prejudice is of no moment. Thus, the Court must reject this argument by the Boleman Firm.

These reasons alone form a sufficient basis to find that a procedural bar exists for revisiting this issue. Nonetheless, the Court will address the additional arguments made by the Boleman Firm as to why the Court should reexamine its previous denial of costs.

First, the firm contends that language in the scheduling order entered by this Court on April 16, 2007, regarding the reopening of evidence, which lacked any qualifying language that the evidence would be reopened only as to the issue of fees, should now stand as the "law of the case." According to the firm, the scheduling order language in conjunction with language used by the United States Trustee in response to the firm's Motion to Rescind and the United States Trustee's eventual withdrawal of its objection to the exhibits tendered by the firm to the Court at the April 30, 2007, hearings all support its position that the cost issue be reconsidered by the Court. Counsel for the United States Trustee argues to the contrary, specifically asserting that the language of the scheduling order provided only for the presentation of additional evidence, not for the admission of such.

This Court does not believe that the language contained in the scheduling order constitutes the law of the case. By definition, the "law of the case" connotes that a court has reached, after consideration of evidence and argument and application of statutory and precedential case law, a holding based upon that consideration. Language contained in a scheduling order drafted and submitted by the parties for entry by the Court does not reach that definition. Further, the omission from the scheduling order of any clarifying language as to the issues on which evidence could be

29

offered at the April 30, 2007, hearings does not automatically confer upon this Court the obligation to in essence re-decide a matter that has reached its conclusion in this proceeding. The Court reaches the same conclusion as to the argument that the withdrawal by the United States Trustee of his objection to the admission of the Boleman Firm's exhibits. The Court concludes that such withdrawal does not equate to the acquiescence of the United States Trustee to the Court's reconsideration of the issue of reimbursement of costs.

Any perceived "change of course" by the United States Trustee by the Boleman Firm also does not accomplish this result. This Court is not persuaded that the language utilized by the United States Trustee in his response to the Boleman Firm's Motion to Rescind should be read as his argument in favor of this Court re-examining the issue of reimbursement of costs. Instead, to the extent that this Court need interpret the language at issue, the Court reads the phrasing at issue as equally, if not altogether, referencing the other cases that are subject to the two Omnibus Objections filed by the United States Trustee to the Supplemental Fee Applications submitted by the Boleman Firm. Thus, the Court cannot take the logical leap desired by the Boleman Firm with regard to this argument. On the issue raised by the firm that the documents that have been admitted into evidence by the Court and should be considered with regard to both the issues of fees and costs, the Court notes that simply because evidence is admitted by the Court, if information contained in the evidence is not germane to the issues before the Court, the Court need not give weight to that information.

The Boleman Firm additionally contends that because this Court's previous opinion denied the reimbursement of costs without prejudice, the Court did not foreclose the possibility of the firm seeking reimbursement again in a subsequent motion, and thus, in the interests of judicial economy,

30

the Court could reconsider the issue of costs now in light of the additional evidence that has been presented.

To be sure, the reimbursement of costs was denied by this Court without prejudice. However, this Court must not only appropriately exercise its discretion given the circumstances of this matter but also must follow the procedural requirements with regard to this matter and cannot gloss over these requirements, no matter how judicially economic such may be. The Court will not compromise the interests of justice and its obligations to carry out the mandate of the appellate court and its duties in the interest of a speedier resolution. As discussed above at length, the law firm had two options after this Court issued its original opinion. It could have asked this Court to reconsider the cost issue, or it could have followed through on its appeal of the issue. *See Spartan Mills v. Bank of Am. Illinois*, 112 F.3d 1251, 1256 (4th Cir. 1997) (holding that if a party believed that an error in procedure had not been following, the two available remedies were to seek reconsideration from the bankruptcy court or to appeal to the District Court). The firm initially appealed but then chose to abandon the issue of reimbursement of costs on appeal. Thus, reconsideration, from a procedural standpoint, would be improper now. *Odetics, Inc. v. Storage Tech. Corp.*, 14 F. Supp. 2d 800, 805 (E.D. Va. 1998) (when a legal decision remains unchallenged in a subsequent appeal, the parties are deemed to have waived the right to challenge at a later time). Effectively, the Boleman Firm wants not only a second bite at the apple at the trial level, but in essence another bite at the appellate level. Surely such piecemeal litigation within the same case is neither economical nor desirable for either the Court or the litigants. *See United States v. Connell*, 6 F.3d 27, 30 (1st Cir. 1993) (citing *United States v. Rosen*, 929 F.2d 839, 842 n.5 (1st Cir. 1991); *Williamsburg Wax Museum v. Historic Figures, Inc.*, 810 F.2d 243 (D.C. Cir. 1987); *United States v. DeJesus*, 752 F2d

31

640, 642-43 (1st Cir. 1985); *White v. Murtha*, 377 F.2d 428, 431 (5th Cir. 1967)) ("In the interests of both consistency and judicial economy, therefore, litigants should not ordinarily be allowed to take serial bites at the appellate apple.").  Not unlike the litigants in this case, this Court wants the issues surrounding these fee applications resolved and for the process to come to its long overdue conclusion.  However, such must be achieved through the proper procedural and legal channels, even if doing so extends the litigation into yet another year and necessitates additional trials.

Therefore, for the reasons stated above, the Court finds that it would be improper to reexamine the issue of reimbursement of costs in the instant cases at this stage of litigation.

A separate order will issue.

The Clerk shall deliver copies of this Memorandum Opinion to C. Thomas Ebel, L. Lee Byrd, Jeffrey H. Geiger, and William A. Gray, Counsel for the Boleman Law Firm, P.C.; Robert B. Van Arsdale, Assistant United States Trustee; the above-captioned eleven Debtors; all Debtors who have requested notice and are listed in attached Exhibit B; and Robert Hyman, Chapter 13 Trustee.

**Entered this 21st day of September, 2007.**

STEPHEN C. ST. JOHN
United States Bankruptcy Judge

**Exhibit B**
**Debtors' Requests for Notice Filed in Case 04-37223, Vernon-Williams**

| | |
|---|---|
| 1)Martha Lee Allen | 04-34543 |
| 2)Abraham Barakhyahu | 03-37623 |
| 3)Linda D. Bell | 04-37683 |
| 4)Angelia Braxton | 02-67376 |
| 5)Crezone T. Burton | 01-32300 |
| 6)Rebecca S. Cox | 04-38066 |
| 7)George A. Ford | 03-36598 |
| 8) Mark Fuller | 04-31276 |
| 9)Kimberly Garnes | 04-39777 |
| 10)Alma Campbell Gates | 04-35414 |
| 11) Hilary L. Graf | 04-33142 |
| 12)Susan S. Gray-Hurst | 04-36261 |
| 13)Jennifer Griffith | 02-64916 |
| 14)Shirley D. Harrison | 04-38072 |
| 15)Tracy & Wayne Harrison | 04-35223 |
| 16)David & Sarah Hill | 03-33220 |
| 17)Wayne L. Johnson | 04-38676 |
| 18)Gerald D. LaPierre | 04-34551 |
| 19)Cheryl A. McGuire | 04-32975 |
| 20)Bruce & Holly Paige | 04-30146 |
| 21)Marlene Pelham | 03-31603 |
| 22)Bascom & Helen Perkins | 04-33467 |
| 23)Dawn S. Randall | 03-40947 |
| 24)Lance Singleton | 04-38350 |
| 25)Stanley Taylor | 04-37360 |
| 26)Kenneth Wilkerson | 04-37133 |
| 27)Vernon & Debra Womack | 04-30481 |